STATE ex rel. GREGORY, Relator, *v.* DISTRICT COURT ET AL., Respondents.

(No. 6,580.)

(Submitted October 18, 1929.   Decided January 14, 1930.)

[284 Pac. 537.]

*Mr. E. K. Cheadle, Mr. Merle C. Groene* and *Mr. Rufus Hopkins,* for Relator, submitted a brief.

*Mr. Ralph J. Anderson* and *Mr. Oscar O. Mueller,* for Respondents, submitted a brief; *Mr. Anderson* argued the cause orally.

MR. JUSTICE GALEN delivered the opinion of the court.

On petition for a rehearing, the original opinion promulgated herein is withdrawn, and this one substituted:

This is an original proceeding in mandamus. An alternative writ was regularly issued, directed to the defendants, commanding the vacation of a certain order made and entered by the defendants on July 12, 1929, dismissing the appeal of the plaintiff from a judgment of the justice court of Lewistown township, in Fergus county, in an action in which the Northwestern Trust Company, a corporation, of Minneapolis, Minnesota, was plaintiff, and the plaintiff herein, W. H. Gregory, was the defendant, or to show cause why the defendants herein have not done so. The judgment of the justice court from which the plaintiff attempted an appeal to the district court was one regularly entered on the twenty-fifth day of May, 1929, in the action above mentioned, which was one in unlawful detainer, adjudging that the plaintiff herein be ejected from certain described real estate in Fergus county, and the plaintiff in that action have possession of such prem-

ises and awarded its costs. On the twenty-seventh day of May, 1929, a writ of restitution was issued, and thereafter, on the tenth day of June, 1929, the plaintiff herein attempted to perfect an appeal to the district court. He filed an undertaking on appeal, and thereupon the Northwestern Trust Company filed its motion in the district court to dismiss the appeal because of the alleged insufficiency of the undertaking. The district court sustained the motion, and accordingly entered its order on July 12, 1929. Consequently this proceeding was instituted.

The specific reasons prompting the court to dismiss the appeal do not appear; however, it must be assumed that it was of opinion that the undertaking did not conform to the requirements of the statute.

The settled rule is that an undertaking on appeal in substantial compliance with the statute is made a prerequisite to clothe the district court with jurisdiction on an attempted appeal to the district court, and if such undertaking is not filed, or is totally defective, the appeal is a mere nullity. (Sec. 9757, Rev. Codes 1921; 15 Cal. Jur., p. 522; *State ex rel. Rosenstein* v. *District Court,* 41 Mont. 100, 21 Ann. Cas. 1307, 108 Pac. 580.) The manifest purpose of requiring the undertaking on appeal in form and substance as prescribed by the statute is for the preservation of the rights of litigants, so far as established by the judgment of the justice court, when that forum has entered judgment within its exclusive jurisdiction, or within its general jurisdiction, when selected in the first instance as the tribunal to make determination of the rights of the parties.

We have again carefully examined the undertaking on appeal, to determine whether it sufficiently complies with the statute to give the district court jurisdiction to entertain this appeal. Whether the provisions of the bond intended as a stay of proceedings are sufficient need not here be considered. We turn to the provisions of the undertaking to see if the statute is satisfied, so as to clothe the district court with authority to entertain jurisdiction of the action on appeal.

The bond provides that the principal and surety "are held and firmly bound," and that they "do hereby jointly and severally undertake and promise in the sum of one hundred dollars ($100.00)," that said appellant *"will pay all costs which may be awarded against him on said appeal, or on a withdrawal* or dismissal thereof not exceeding the sum of one hundred dollars ($100.00), to which amount we acknowledge ourselves jointly and severally bound." In our opinion this undertaking does not satisfy the requirement of the statute, for the reason that the principal and surety do not obligate themselves to pay any judgment and costs that may be recovered against him in the action in the district court, not exceeding an amount fixed by the justice of the court from which the appeal is taken, specified in the bond.

We have carefully analyzed and considered the language of section 9757 of the Revised Codes of 1921, in endeavor to determine the requisite conditions of an undertaking on appeal in an action of unlawful detainer. It is clear that the legislature intended to permit an appeal from judgments in such cases, as well as the others enumerated; however, it must be admitted, the language employed is not clear nor easy of application in a case of unlawful detainer, such as we have before us.

Three separate kinds of undertakings on appeal from a judgment of a justice court are enumerated, viz.: (1) An appeal from a judgment for the payment of money; (2) an appeal from a judgment for the recovery of specific personal property; and (3) an appeal from a judgment directing the delivery of possession of real property.

1. As to the first class, i. e., a money judgment, the language employed is plain, and simply means that the appellant must agree to pay the amount of the judgment appealed from together with all costs, if the appeal be withdrawn or dismissed, or the amount of any judgment and all costs that may be recovered against him in the district court. (*Kasun* v. *Todevich,* 71 Mont. 315, 229 Pac. 714.)

2. The requisite conditions of an undertaking on an appeal from a judgment for the recovery of specific personal prop-

erty are not here involved, and therefore need not be considered.

3. As to the third class of such appeals, in order to make the statute operative, as was manifestly intended, it must be interpreted to mean that, when the judgment appealed from directs the delivery of possession of real property, unless a stay of proceedings is desired, the undertaking on appeal must be conditioned that the appellant will pay any judgment and costs that may be recovered against him in the action in the district court, not exceeding a sum to be fixed by the justice of the court from which the appeal is taken, which amount shall be specified. And in the event a stay of execution is desired, the undertaking must be conditioned that, during the possession of the property by the appellant, he will not commit, or suffer to be committed, any waste thereon, and that if the appeal be dismissed or withdrawn, or the judgment affirmed, or judgment recovered against him in the action in the district court, he will pay the value of the use and occupation of the property from the time of the appeal until the delivery of possession thereof.

As noted above, the undertaking on appeal in this action is conditioned that the appellant, "will pay all costs which may be awarded against him on said appeal, or on a withdrawal or dismissal thereof, not exceeding the sum of one hundred dollars ($100.00), to which amount we acknowledge ourselves jointly and severally bound." Under what we believe to be the correct interpretation of the meaning and intent of the statute, the conditions of the undertaking before us are not in accordance with its requirements as a condition precedent. Being thus wholly insufficient, the district court was without jurisdiction to entertain the appeal, and quite properly dismissed it. For the reasons stated a rehearing is denied and the proceedings dismissed. Remittitur will be issued forthwith.

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES MATTHEWS, FORD and ANGSTMAN concur,