No. 84-98

IN THE SUPREME COURT OF THE STATE OF MONTANA

1984

CHARLES ADAMS,

Plaintiff and Respondent,

-vs-

ROBERT M. CRISMORE, JEAN CRISMORE
and R.M. CRISMORE, INC., a Mont.
corp.,

Defendants and Appellants.

APPEAL FROM: District Court of the Fourth Judicial District,
In and for the County of the Lake,
The Honorable Douglas Harkin, Judge presiding.

COUNSEL OF RECORD:

For Appellants:

Murray, Kaufman, Vidal & Gordon; Daniel W. Hileman,
Kalispell, Montana

For Respondent:

Keith C. Rennie, Polson, Montana

Submitted on Briefs: April 26, 1984

Decided: July 10, 1984

Filed: JUL 10 1984

_Ethel M. Harrison_
Clerk

Mr. Justice Frank B. Morrison, Jr. delivered the Opinion of the Court.

Charles Adams, plaintiff, obtained a default judgment against Robert M. Crismore, defendant, in the Justice Court of Polson on September 21, 1983. Defendant appealed the default judgment to the District Court of the Fourth Judicial District in Lake County. On December 8, 1983 the District Court entered a judgment denying defendant's motion to set aside and dismiss the Justice Court's default judgment. Defendant appeals.

Plaintiff filed two actions against defendant on August 29, 1983. One complaint filed in the Justice Court of Polson Township sought damages from defendant for nonpayment of a debt on a personal loan and for services rendered as an independent contractor. The second action filed in the District Court of Lake County claimed damages from defendant for unpaid wages owed plaintiff. Plaintiff's counsel served both complaints upon defendant in Kalispell, Flathead County, Montana.

Defendant filed a special appearance motion to dismiss alleging lack of personal jurisdiction over defendants by Justice Court of Polson Township since defendants resided outside of Lake County and were improperly served with process outside of Lake County. At a hearing on September 21, 1983 the Justice of the Peace ruled that proper jurisdiction of the Justice Court had been invoked, denied defendant's motion to dismiss for lack of jurisdiction and subsequently entered a default judgment against defendant.

Defendant filed a notice of appeal to the District Court along with the requisite undertaking on September 26, 1983. Plaintiff immediately filed an objection to undertaking claiming that it was fatally defective and failed to perfect

2

a proper appeal. Defendant was requested to provide a good and sufficient undertaking within a reasonable time.

Defendant moved the District Court to consolidate the appeal from the Justice Court with the existing District Court action. Plaintiff filed an objection to defendant's motion for consolidation, claiming that the motion was untimely and that all actions by the District Court should be postponed until defendant's appeal was properly perfected by a sufficient undertaking or otherwise dismissed. Defendants failed to cure the defective undertaking. On October 24, 1983, plaintiff filed a motion to dismiss defendant's appeal because the fatal insufficiency in the undertaking failed to invoke the proper jurisdiction of the District Court.

A hearing on November 2, 1983 was held before retired district judge, the Honorable E. Gardner Brownlee, sitting in place of the Honorable Douglas G. Harkin. Defendant contended that since the Justice Court acted without personal jurisdiction, its judgment was rendered a nullity and subject to a collateral attack which did not require an undertaking to be filed. Additionally, defendant requested the District Court to consider his appeal as a writ of review. At the hearing, defendant filed and served on plaintiff, without prior notice, a motion to set aside Justice Court judgment and dismiss. The court granted plaintiff two weeks to respond to defendant's motion. On November 18, plaintiff appeared before Judge Brownlee and argued that the District Court lacked proper jurisdiction to rule on defendant's motion to dismiss because defendant's defective undertaking had not been corrected. The trial court did not require defendant to file a sufficient undertaking and granted defendant's motion to dismiss the justice judgment.

3

November 21, plaintiff filed a rule 60(b) motion requesting the District Court to set aside its ruling of November 18, and to consider plaintiff's motion to dismiss the appeal for lack of district court jurisdiction. Having resumed jurisdiction over his cases, Judge Harkin presided at the November 30 hearing where all parties were represented by counsel. The District Court's order of December 8, modified its previous order pursuant to Rule 60(b), M.R.Civ.P. and granted plaintiff's motion to dismiss defendant's appeal due to lack of jurisdiction since defendant's requisite undertaking was defective and such insufficiency was not corrected.

Appellant presents the following issues on appeal:

1. Whether the District Court erred in granting plaintiff's motion to dismiss defendants' appeal from the Justice Court.

2. Whether the District Court erred in not acting upon defendants' motion to consolidate.

The dispositive issue before this Court is whether the District Court had proper jurisdiction to address the appeal from the lower court judgment. Jurisdiction of the Justice Court is not at issue on appeal and not discussed herein.

Appellate procedure to district court from justices' courts is set out in 25-33-201, MCA, the pertinent part of which states:

> "25-33-201. Undertaking on appeal. (1) An appeal from a justice's or city court is not effectual for any purpose unless an undertaking be filed, with two or more sureties, in a sum equal to twice the amount of the judgment, including costs, when the judgment is for the payment of money . . ."

In State ex rel. Gregory v. District Court (1930), 86 Mont. 396, 398, 284 P. 537, this Court held:

> "The settled rule is that an undertaking on appeal in substantial compliance with the statute is made

4

a prerequisite to clothe the district court with jurisdiction on an attempted appeal to the district court, and if such undertaking is not filed, or is totally defective, the appeal is a mere nullity."

Unless an appeal from a justice's court is effectuated in accordance with the controlling statute, the district court has no jurisdiction of the appeal. The subject appeal was not properly perfected due to deficiencies of the accompanying requisite undertaking. Although the sum of the undertaking was sufficient, the singular signature violates 25-33-201, MCA, which clearly requires two or more sureties. In addition, Empire Construction Company, Inc., which appears on the undertaking, is a foreign corporation, not incorporated under the laws of this State for the purpose of making, guaranteeing or becoming a surety and thus is not a valid corporation surety pursuant to 33-26-101(1), MCA. Moreover, the trial court judge unequivocably recognized that the appellant's undertaking filed with the notice of appeal failed to comply with statutory criteria.

Section 25-33-207, MCA provides:

"Defective undertaking. No appeal shall be dismissed for insufficiency of the undertaking thereon or for any defect or irregularity therein if a good and sufficient undertaking be filed in the district court at or before the hearing of the motion to dismiss the appeal, which undertaking must be approved by the district judge."

The record reveals that the defendant had adequate time to provide a sufficient and good undertaking prior to or on the day of the November 2 hearing but failed to cure said defects.

Due to the defendant's defective undertaking his appeal is unperfected as a matter of law, and fails to properly invoke the jurisdiction of the District Court. District Court's judgment granting plaintiff's motion to dismiss defendant's appeal due to lack of jurisdiction is affirmed.

5

Therefore, the second issue is moot.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____

6