No. 90-169

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

ROBERT B. FRANKLIN,

      Plaintiff and Respondent,

  -vs-

A. WESLEY SWENSON,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Eighth Judicial District,
In and for the County of Cascade,
The Honorable Joel G. Roth, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Patrick F. Flaherty, Flaherty & Winner, Great Falls,
Montana

    For Respondent:

        Joan E. Cook, Miller & Cook, Great Falls, Montana

Submitted on Briefs: August 9, 1990

Decided: September 11, 1990

Clerk

Justice Fred J. Weber delivered the Opinion of the Court.

Defendant's appeal from Justice Court to the District Court of the Eighth Judicial District, Cascade County, was dismissed on the grounds that the undertaking filed failed to meet the requirements of either §§ 25-33-201 or 25-33-205, MCA. From that decision, defendant appeals to this Court. We reverse.

The sole issue for our review is whether the District Court properly dismissed Swenson's appeal from Justice Court?

Plaintiff, Robert Franklin (Franklin), filed a complaint in Cascade County Justice Court alleging that defendant, Wesley Swenson (Swenson), negligently prepared Franklin's 1987 Federal and State Income Tax returns. The Justice Court entered judgment against Swenson for taxes and accrued interest in the sum of $2,015.50 ($1,977 + costs of $38.50), and attorney fees of $600.

Swenson filed a notice of appeal and demand for jury trial to the District Court. He then filed an affidavit and posting of property bond as security for appeal, promising to sell his home, and from the resulting equity pay to Franklin the judgment and associated costs should Franklin again prevail in the District Court. Swenson filed a $500 undertaking for costs on appeal executed by Western Surety Company as surety.

Swenson also filed with the Clerk of Court a one year Certificate of Deposit (CD) with a face value of $2,287.14. The CD was in the names of Arden W. or Romayne E. Swenson as joint

2

tenants with right of survivorship. Defendant executed an assignment of the CD to the Clerk of Court. Romayne E. Swenson did not execute such a document. The Bank acknowledged the assignment of the CD.

Franklin moved to dismiss the appeal arguing Swenson's undertaking was defective due to a lack of the requisite sureties. A hearing was held on Franklin's motion and the District Court dismissed the appeal on the grounds that Swenson failed to comply with § 25-33-201, MCA, or in the alternative, § 25-33-205, MCA. From that decision, Swenson appeals to this Court.

Did the District Court properly dismiss Swenson's appeal from Justice Court?

The District Court concluded that Swenson failed to comply with either § 25-33-201, MCA, or § 25-33-205, MCA. Section 25-33-201, MCA, provides that an undertaking must be filed with "two or more sureties, in a sum equal to twice the amount of the judgment". Section 25-33-205, MCA, provides for the deposit of money in lieu of undertaking and states:

> Whenever an undertaking is required on appeal by the provisions of this chapter, a deposit in the court below of the amount of the judgment appealed from plus $300 . . .

The District Court concluded that since Swenson filed with only one surety, the alternative procedure provided by § 25-33-205, MCA, applied. However, the District Court also concluded that Swenson failed to comply with the alternative procedure. It

3

concluded that the CD deposited with the Clerk of Court was not properly assigned because both joint tenants did not execute an assignment. It further concluded that the amount deposited with the Clerk of Court was insufficient.

Section 25-33-205, MCA, requires a deposit in the amount of the judgment ($2,015.50) plus $300 ($2,315.50). The District Court held that the CD would have had to have been in the name of A. Wesley Swenson alone or both joint tenants should have executed assignments. The District Court further held that the $500 cost bond filed by Swenson was not in an amount sufficient to meet the requirements of § 25-33-201, MCA, nor was it filed with two sureties.

Swenson maintains that substantial compliance with the statute is sufficient to perfect the appeal from the Justice Court to the District Court. He argues that under § 25-33-205, MCA, his deposit was short only $28.36. (Statutory amount of $2,315.50 less face value of CD of $2,287.14 equals $28.36). He urges that the true measure of the CD is the "cash" value rather than the "face" value. The cash value of the CD at the date of assignment was $2,475.83, which exceeded the required $2,315.50. Swenson further contends that his assignment of the CD was valid. He argues that one joint tenant on a CD can transfer the CD without consent of the other joint tenant.

Franklin maintains that the CD was defective because it was not in the correct amount and because Romayne Swenson did not

4

execute an assignment of her interest. He further maintains that the $500 bond is statutorily insufficient because it was not signed by two sureties.

The purpose for requiring an undertaking is for the preservation of the rights of the litigants as established by the justice court. An undertaking on appeal in "substantial compliance" with the statute clothes the District Court with jurisdiction. State ex rel. Gregory v. District Court (1930), 86 Mont. 396, 284 P. 537; Adams v. Crismore (1984), 211 Mont. 245, 683 P.2d 497. When the undertaking is insufficient a new one may be filed, and the appeal saved. "Insufficient" means merely defective and not void. A "void" undertaking is equivalent to no undertaking. An ambiguous undertaking was declared void in Pirrie v. Moule (1905), 33 Mont. 1, 6, 81 P. 390, 392. If the undertaking filed is void the appeal must fail for lack of jurisdiction. Goldsmith v. Lane (1987), 226 Mont. 341, 735 P.2d 306.

Because Swenson did not file with two sureties, § 25-33-205, MCA, controls. Under that statute Swenson's deposit of money in lieu of the undertaking was only $28.36 short. We conclude that Swenson's undertaking was merely insufficient and in substantial compliance with the statute. We hold that the District Court erred in dismissing Swenson's appeal from Justice Court. We further hold that on remand, Swenson shall be allowed to perfect his undertaking by depositing the correct amount ($2,315.50) with the Clerk of Court. The Clerk shall release the CD and assignment so that

Swenson can cash the CD by September 21, 1990, according to its terms. Cash in the amount of $2,315.50 shall be deposited with the Clerk of Court. Should Swenson fail to so deposit the cash proceeds on or before September 21, 1990, the appeal shall be dismissed.

Reversed and remanded.

_____
Justice

We concur:

_____

_____

_____

_____
Justices

6