EIDE INSURANCE, Plaintiff and Respondent, *v.* JOHN
CORRELL, Defendant and Appellant.

No. 11910.
Submitted Nov. 16, 1970.
Decided Dec. 2, 1970.
478 P.2d 272.

168

Edward D. Yelsa (argued), Anaconda, for defendant and appellant.

Boyd & Radonich, Robert J. Boyd (argued), Anaconda, for plaintiff and respondent.

PER CURIAM:

This is an appeal by defendant, John Correll, from an order entered in the district court granting a motion to dismiss filed by the plaintiff, Eide Insurance Company.

It appears that plaintiff filed an action for recovery of $123.41 from defendant in a justice court at Anaconda and after a jury trial, a verdict and judgment was rendered for plaintiff.

Defendant filed a notice of appeal with an undertaking in the district court on May 8, 1969. No further action was taken in the cause until plaintiff filed a motion to dismiss the appeal on June 19, 1970, and the district court granted this motion on July 1, 1970.

Defendant questions the propriety of the district court dismissing the appeal from justice court.

Section 93-7907, R.C.M.1947 states in part:

"* * * For a failure to prosecute an appeal, or unnecessary delay in bringing it to a hearing, the district court may order the appeal to be dismissed, with costs * * *."

Thus, the district court is authorized to dismiss an appeal for unnecessary delay.

However defendant contends that after serving a notice

of appeal with an undertaking in the district court, it became plaintiff's burden to bring the appeal on for hearing. This Court does not agree with defendant's contention.

It is the moving party's obligation (in this case the defendant in justice court) to pursue an appeal from justice court and gain a hearing in the district court when the cause is civil rather than criminal. The Supreme Court of Washington being faced with similar circumstances said:

"The moving party, or the attacking party, in an appeal is, of course, the appellant, regardless of his status as plaintiff or defendant in the justice court. The rule is designed to prod the moving party or make him suffer the consequences of his own delay. It would be unreasonable to require the victorious justice court plaintiff who is content with his judgment and who does not desire further relief once again to take the initiative because his less-satisfied adversary has taken the case into the superior court." Bishop v. Hamlet, 58 Wash.2d 911, 365 P.2d 600, 601. We agree with this rule.

It should be noted that in criminal cases the burden is upon the state to see that the appeal is promptly noticed for hearing in the district court.

The order dismissing the appeal is affirmed.