No. 14783

IN THE SUPREME COURT OF THE STATE OF MONTANA

1979

HERMAN BYRD, d/b/a BYRD'S
FOOD MART,

              Plaintiff and Respondent,

   -vs-

COLUMBIA FALLS LIONS CLUB
and KENNETH E. GILES,

              Defendant and Appellant.

Appeal from: District Court of the Eleventh Judicial District,
             Honorable James M. Salansky, Judge presiding.

Counsel of Record:

    For Appellant:

        James A. Cumming, Columbia Falls, Montana

    For Respondent:

        Robert B. Allison, Kalispell, Montana

Submitted on briefs: August 1, 1979

Decided: SEP 1 0 1979

Filed: SEP 1 0 1979

_Thomas J. Kearney_ Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

This is an appeal by the defendant, Columbia Falls Lions Club from an order entered by the District Court, Eleventh Judicial District, Flathead County, denying the defendant's motion to set aside an order dismissing his appeal from the Flathead County Justice Court. The dismissal order was entered upon a motion to dismiss by the plaintiff Herman Byrd, d/b/a Byrd's Food Mart.

The plaintiff owns a small grocery store in Martin City, Montana. In June 1974, Kenneth Giles entered plaintiff's grocery store and represented that he was a scout leader who was leading a group of scouts to a camporee financed by the defendant. On the basis of this representation, plaintiff made sales and deliveries to Giles totaling $831.44.

Plaintiff tried unsuccessfully to collect this account from Giles. Plaintiff then sought payment from the defendant who denied having sponsored the camporee.

In May 1977, plaintiff brought an action in the Flathead County Justice Court against both the defendant and Giles for payment of his account. A trial was held before the Justice of the Peace in July 1977. The Justice Court entered judgment in favor of plaintiff in August 1977. Giles suffered a default judgment and is not a party to this appeal.

On September 14, 1977, the defendant filed a notice of appeal together with an undertaking, and the cause was transmitted to the District Court. Except for some informal settlement discussions, no further action was taken in this cause for over thirteen months.

On October 26, 1978, plaintiff filed a motion to dismiss the appeal on the ground of unnecessary delay. The motion

and an accompanying memorandum of authority were duly served on the defendant. It did not file any reponse to the motion.

On January 3, 1979, the District Court granted the motion and dismissed the appeal on the ground asserted. No hearing on the motion was held, and no notice of an intent to rule on the motion was given to the defendant.

The defendant moved to set aside the order dismissing the appeal on January 10, 1979. Such motion was denied, and the defendant has appealed from this denial.

The sole issue upon this appeal is whether the District Court violated the defendant's constitutional right to due process of law by granting the motion to dismiss without a hearing or any notice of an intention to rule on the motion. We hold that it did not.

The right to due process of the law is guaranteed by both the Montana and United States Constitutions. U.S. Const., Amend. XIV; 1972 Mont. Const., Art. II, §17.

The interest to be protected by due process of the law is the opportunity to be heard. That interest is of no value if an interested party is not informed that a matter is pending and cannot decide for himself whether to contest or acquiesce. Mullane v. Central Hanover Tr. Co. (1950), 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed 865.

Thus, notice must be given in any proceeding which is to be accorded finality, and such notice must be reasonably calculated, under the circumstances, to apprise the interested parties of the pendency of the action and afford them an opportunity to present their objections. Mullane, supra.

We find the defendant here was given sufficient notice and an opportunity to be heard.

-3-

The defendant was duly served with a copy of the motion to dismiss and its supporting memorandum. Such service was reasonably calculated, under the circumstances, to apprise the defendant of the pendency of the motion to dismiss and the grounds thereof.

Similarly, Rule 5 of the Eleventh Judicial District, State of Montana, gave the defendant ten days to file a reply to the motion to dismiss. This time period was reasonably calculated, under the circumstances, to afford defendant with an opportunity to present its objections to the motion to dismiss. Yet, it failed to do so. Such failure is deemed an admission that the motion is well taken in the defendant's opinion. Rule II, Uniform Rules for District Courts of Montana; Rule 5, Eleventh Judicial District, State of Montana.

The defendant contends it was unfair to grant the motion to dismiss since it was engaged in settlement discussions with the plaintiff during the pendency of the motion to dismiss. This objection is without merit. These discussions were conducted informally without the approval of the court, and during this period, the defendant never requested an extension of time, withdrawal of the motion or any other form of relief from either the District Court or the plaintiff.

The District Court properly granted the plaintiff's motion to dismiss the appeal on the ground of unnecessary delay. Once the appeal was perfected to the District Court, the defendant had the burden of carrying its cause forward. Eide Insurance v. Correll (1970), 156 Mont. 167, 478 P.2d 272. Yet, it allowed the cause to rest idle for over a year. Similarly, the defendant was apprised of the pendency of the motion to dismiss and was given an opportunity to respond. Yet, it failed to do so.

-4-

The order of the District Court denying plaintiff's
motion to set aside the dismissal is affirmed.

_____
                Justice

We Concur:

_____
        Chief Justice

_____

_____
            Justices

-5-