No. 04-440

IN THE SUPREME COURT OF THE STATE OF MONTANA

2005 MT 99

STATE OF MONTANA,

        Plaintiff and Respondent,

   v.

CRAIG WILLIAM FRAZIER,

        Defendant and Appellant.


APPEAL FROM:    District Court of the Eighth Judicial District,
                   In and for the County of Cascade, Cause No. BDC 04-188
                   The Honorable Julie Macek, Judge presiding.


COUNSEL OF RECORD:

        For Appellant:

                Craig W. Frazier, *pro se*, Great Falls, Montana

        For Respondent:

                Honorable Mike McGrath, Montana Attorney General, John Paulson, Assistant Attorney General, Helena, Montana; Brant S. Light, Cascade County Attorney, Marty Judnich, Deputy County Attorney, Great Falls, Montana


                              Submitted on Briefs:  March 1, 2005

                                     Decided:  April 19, 2005

Filed:

_____
                           Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1 Craig William Frazier (Frazier) appeals the decision of the Eighth Judicial District Court, Cascade County, dismissing his appeal from Justice Court. We affirm.

## ISSUE

¶2 The issue presented on appeal is whether the District Court erred in dismissing Frazier's appeal of his speeding conviction from Justice Court.

## STANDARD OF REVIEW

¶3 The grant or denial of a motion to dismiss in a criminal case is a question of law which we review *de novo*. *State v. White Bear*, 2005 MT 7, ¶ 5, 325 Mont. 337, ¶ 5, 106 P.3d 516, ¶ 5.

## DISCUSSION

¶4 On February 9, 2004, Frazier was charged with speeding. A jury trial was held on April 14, 2004, in Justice Court, with Frazier representing himself. The jury convicted him and he was sentenced to pay a fine and the costs of the jury, and to complete a traffic school class. Frazier filed a timely appeal to the District Court, and the Justice Court stayed his sentence pending the appeal. The Justice Court record was transferred to the District Court and filed on May 3, 2004. Notice of the transfer was sent to Frazier. On May 24, 2004, the State filed a motion for summary dismissal of the appeal on the grounds that Frazier had failed to file a brief within fifteen days after the record was filed, as required by Rule 14(a) of the Uniform Municipal Court Rules of Appeal (UMCRA). On May 25, 2004, the District Court granted summary dismissal. Frazier filed a timely notice of appeal with this Court.

¶5     The procedural posture of this case bears explaining.  The Cascade County Justice Court, in which Frazier was convicted, is a "court of record" established under § 3-10-101(5), MCA.  Under § 3-10-115, MCA, an appeal from a justice court established as a court of record is appropriately before the district court.  Section 3-10-115(4), MCA, states: "Unless the supreme court establishes rules for appeal from a justice's court established as a court of record to the district court, the Montana Uniform Municipal Court Rules of Appeal to District Court, codified in Title 25, chapter 30, apply to appeals to district court from the justice's court established as a court of record."  Because no such rules applicable to justice courts of record have been promulgated by this Court, the UMCRA applied to this proceeding in District Court.

¶6     After Frazier was convicted in Justice Court, he appropriately appealed his conviction to the Eighth Judicial District Court, Cascade County.  Thereafter, the Justice Court transferred the "record" of Frazier's trial, which consisted, in part, of an audio CD of the trial, to the District Court.  When Frazier failed to comply with Rule 14(c), UMCRA, the State moved for summary dismissal of Frazier's appeal.  The District Court granted the State's Motion.

¶7     Rule 14(c), UMCRA, provides, "if an appellant fails to file a brief within the time provided by this rule, . . . the appeal shall be deemed without merit and subject the appeal to summary dismissal by the district court."  Frazier requests that we liberally construe the proceedings because he is representing himself.  While we are willing to make accommodations for parties choosing to represent themselves in proceedings before us and

3

in proceedings below, we must, nonetheless, balance that willingness against our policy of deferring to a district court's application of rules of procedure.

¶8 While § 3-10-115, MCA, has application to the matter before us, we note the application as well of §§ 25-33-101 through 25-33-306, MCA, which set forth the procedure for appealing both record and non-record justice court rulings to the district court. Section 25-33-304, MCA, provides: "For a failure to prosecute an appeal or unnecessary delay in bringing it to a hearing, the district court *may* order the appeal to be dismissed, with costs; . . . ." (Emphasis added.) As the language in both Rule 14(c), UMCRA, and § 25-33-304, MCA, suggests, a district court judge has the discretion to dismiss--or decline to dismiss--an appeal, for failure to file a timely brief. The court *may* do so, but no rule says the court *must* do so. See *Rickett v. City of Billings* (1993), 262 Mont. 339, 864 P.2d 793 (a district court is allowed to dismiss the appeal of a civil case under § 25-33-304, MCA). Accord, *Eide Ins. v. Correll* (1970), 156 Mont. 167, 478 P.2d 272.

¶9 Under the applicable rule, statute, and case law, the District Court had the discretion to dismiss Frazier's appeal for his non-compliance with the rules of procedure. While we review the grant or denial of a motion to dismiss *de novo*, we will not reverse a district court for insisting that the parties before it timely comply with statutory directives and rules of civil procedure. We therefore conclude the District Court did not err in dismissing Frazier's appeal.

## CONCLUSION

¶10 For the foregoing reasons, we affirm the District Court.

4

/S/ PATRICIA O. COTTER

We Concur:

/S/ W. WILLIAM LEAPHART
/S/ JAMES C. NELSON
/S/ JOHN WARNER
/S/ JIM RICE