IN THE SUPREME COURT OF THE STATE OF MONTANA

2007 MT 200N

STATE OF MONTANA,                                      DA 06-0636
                                                       DC 2006-024
      Plaintiff and Respondent,

    v.

MELODY CASEY,

      Defendant and Appellant,

and

NORMA COPE,                                            DA 06-0637
                                                       DC 2005-085
      Defendant and Appellant,

and

SUNNY MARTIN,                                          DA 06-0638
                                                       DC 2005-086
      Defendant and Appellant.


APPEAL FROM:    District Court of the Nineteenth Judicial District,
                In and For the County of Lincoln,
                Honorable Michael C. Prezeau, Presiding Judge


COUNSEL OF RECORD:

      For Appellant:

          William A. Douglas, Douglas Law Firm, Libby, Montana

      For Respondent:

          Hon. Mike McGrath, Montana Attorney General, Jonathan Mark Krauss,
          Assistant Attorney General, Helena, Montana

          Bernard G. Cassidy, Lincoln County Attorney, Grant W. Gibson,
          Deputy County Attorney, Libby, Montana

Submitted on Briefs:  May 23, 2007

Decided:  August 14, 2007

Filed:

_____
Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Melody Casey, Norma Cope and Sunny Martin were found guilty of the offense of unlawful transactions with a child—in this case, selling alcohol to a minor. They appeal their convictions. We affirm.

## ISSUE

¶3 Did the District Court err by denying Casey's, Cope's and Martin's consolidated motion to dismiss and motion for directed verdicts on the grounds of entrapment?

## FACTUAL AND PROCEDURAL BACKGROUND

¶4 After several months of receiving complaints that businesses in and around Eureka, Montana, were selling alcohol to underage purchasers, the Lincoln County Sheriff's Office devised a "sting" operation in which it recruited an 18-year old high school senior to enter various establishments and order an alcoholic beverage. Accompanied by undercover officers, on February 4, 2005, the young man visited ten different establishments, six of which sold him alcohol. Melody Casey, Norma Cope and Sunny Martin (Appellants) were three of the six individuals who did so. Prior to that night, the accompanying officers had no information that any of the defendants were known to sell alcohol to underage patrons.

3

¶5 Each of the Appellants was cited for violating § 45-5-623(c), MCA, a misdemeanor, and given notice to appear in Justice Court. They all entered "not guilty" pleas. However, separate juries in Justice Court convicted each of them. All three were sentenced to a 30-day suspended sentence and ordered to pay a $300.00 fine and surcharges of $85.00. All three appealed to the Nineteenth Judicial District Court, which in turn consolidated the three appeals. Adopting an identical defense, the Appellants filed a consolidated Motion to Dismiss on grounds of entrapment. The District Court held an evidentiary hearing in April 2006, and on May 9, 2006, denied their motion. Subsequently, the District Court held a bench trial on August 25, 2006. At the close of the State's case, Casey, Cope and Martin made a joint motion for directed verdict on the grounds of entrapment. The District Court denied the motion and found each Appellant guilty of the charged offense. The three defendants appeal, arguing that the "sting" operation constituted entrapment.

## STANDARD OF REVIEW

¶6 A district court's denial of a motion to dismiss involves a legal question that we review de novo to determine whether the district court's interpretation of the law is correct. *State v. Frazier,* 2005 MT 99, ¶ 3, 326 Mont. 524, ¶ 3, 111 P.3d 215, ¶ 3. Additionally, because denials of a directed verdict involve application of the law (i.e., the applicable statute) to the facts of the case, we review such denials de novo as well. *See State v. Swann*, 2007 MT 126, ¶ 17, 337 Mont. 326, ¶ 17, 160 P.3d 511, ¶ 17, in which this Court clarified that denials of motions for directed verdict were reviewed de novo, and overruled prior cases applying an "abuse of discretion" standard to such denials.

## DISCUSSION

4

¶7 Section 45-2-213, MCA, Montana's "entrapment" statute, provides that "[a] person is not guilty of an offense if his conduct is incited or induced by a public servant or his agent for the purpose of obtaining evidence for the prosecution of such person. However, this section is inapplicable if a public servant or his agent merely affords to such person the opportunity or facility for committing an offense in furtherance of criminal purpose which such person has originated."

¶8 Casey, Cope and Martin argued to the District Court and to this Court on appeal that the County's sting operation constituted entrapment because it indiscriminately targeted drinking establishments and individual bartenders or clerks within those establishments without any "preexistent evidence" that the establishments or individuals were "predisposed to sell alcohol to a minor." In its Findings of Fact, Conclusions of Law, and Order denying the consolidated Motion to Dismiss, the District Court analyzed relevant Montana law and noted that once a defendant produces evidence he or she was induced into committing a crime, the burden shifts to the prosecutor to prove that the defendant was "predisposed" to commit the crime, and that law enforcement merely provided the opportunity for the defendant to exercise such predisposition. *State v. Brandon*, 264 Mont. 231, 242, 870 P.2d 734, 740 (1994). The District Court also observed that we have drawn a distinction between inducing a person with no disposition to commit a crime and "[m]erely affording the defendant the opportunity or facility for committing an offense . . . ." *State v. Sweet*, 287 Mont. 336, 342, 954 P.2d 1133, 1137 (1998). While the District Court found that using an underage decoy constituted inducement, it rejected the Appellants' argument that the

5

Sheriff's Office needed "prior knowledge of any predisposition on the part of [the Appellants] to sell alcohol to underage purchasers." The court stated:

> That argument adds an element that is not part of Montana law. The [c]ourt can find nothing in Montana law that requires prior law enforcement knowledge of a defendant's predisposition to commit a crime. Predisposition can be proved by facts and circumstances surrounding the commission of the crime. A defendant's statements and conduct prior to commission of the offense can be sufficient to prove a predisposition to commit the offense. Prior knowledge of the predisposition would no doubt add weight to proof that a predisposition existed, but it is not a required element, the absence of which mandates dismissal as a matter of law.

The District Court concluded that whether any or all of the Appellants had a predisposition to sell alcohol to an underage purchaser was a question of fact, and that the officers' lack of prior knowledge of such a predisposition did not mandate dismissal. Accordingly, the District Court denied the Defendants' motions to dismiss and for a directed verdict.

¶9 We have determined to decide this case pursuant to Section 1, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions. It is manifest on the record before us that the legal issues presented are clearly controlled by settled Montana law which the District Court correctly interpreted.

¶10 For the foregoing reasons, we affirm the judgment of the District Court.

/S/ PATRICIA COTTER

6

We concur:

/S/ KARLA M. GRAY
/S/ JAMES C. NELSON
/S/ W. WILLIAM LEAPHART
/S/ JOHN WARNER