DA 09-0326

IN THE SUPREME COURT OF THE STATE OF MONTANA

2009 MT 347N

CITY OF BILLINGS,

      Plaintiff and Appellee,

  v.

ALLEN DEAN JORDAN,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DC 2008-466
Honorable G. Todd Baugh, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

            Joslyn Hunt, Chief Appellate Defender, Helena, Montana

            Eric Bunn, Deputy Public Defender, Billings, Montana

      For Appellee:

            Hon. Steve Bullock, Montana Attorney General, Sheri K. Sprigg,
Assistant Attorney General, Helena, Montana

            Brent Brooks, Billings City Attorney, Melanie Pfeifer, Deputy City
Attorney, Billings, Montana

Submitted on Briefs:  September 30, 2009

Decided:  October 21, 2009

Filed:

_____

                     Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent.  It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2    On May 26, 2008, Allen Jordan was ticketed for speeding and for failure to carry proof of motor vehicle insurance.  Jordan pled guilty in Billings Municipal Court to the speeding charge.  He moved to dismiss the "no-insurance charge" on the grounds that, even though his insurance card showed that the insurance on the vehicle he was driving expired on April 30, 2008, his insurance agent had agreed to provide coverage for the vehicle.  Jordan testified that he had called his insurance agent on May 5, 2008, and instructed her to switch the insurance coverage from his other vehicle to this vehicle.  Thus, Jordan claimed that he believed he had insurance coverage.

¶3    Jordan also testified that the day after he was cited for failure to carry proof of motor vehicle insurance, he went to see his insurance agent.  She informed him that because he failed to pay the premium that was due on April 30, 2008, she was unable to make the change he requested.  She also told Jordan that she had tried to contact him, but the phone number in his file was incorrect.  Because Jordan was unable to show that his vehicle was insured at the time of his arrest, the Municipal Court judge denied his motion to dismiss the charge.

¶4 Jordan eventually pled guilty to the no-insurance charge reserving his right to appeal the denial of his motion to dismiss. Because this was Jordan's fifth offense of failing to carry proof of motor vehicle insurance, he was given a jail sentence of six months with all time suspended except for 48 days of house arrest. He was also fined $500 and ordered to pay a court surcharge of $45.

¶5 Jordan appealed the denial of his motion to dismiss to the District Court for the Thirteenth Judicial District, Yellowstone County. On August 21, 2008, the District Court entered an order setting forth a briefing schedule. That order gave the City until October 24, 2008, to file its opening brief. On January 15, 2009, Jordan filed a motion to deem his appeal well taken as the City had not filed an opening brief in this case. The District Court granted Jordan's motion and entered an order on February 4, 2009, reversing and remanding to the Municipal Court with instructions to enter an order dismissing Jordan's no-insurance conviction.

¶6 On February 10, 2009, over Jordan's objection, the District Court entered an order setting aside its previous order to dismiss this case. This order was based on the City's position that it never received the District Court's order regarding the briefing schedule. Apparently, the court had served the order on the deputy *county* attorney rather than the deputy *city* attorney. Both Jordan and the City filed briefs in the matter, and, on April 3, 2009, the District Court entered its decision affirming Jordan's conviction for failure to carry proof of motor vehicle insurance. The District Court stated: "One either has motor vehicle insurance or one does not. Mr. Jordan did not. Thus, Mr. Jordan's appeal from the lower Court must fail."

3

¶7     On appeal from the District Court's decision, Jordan raises two issues which we have reframed as follows: (1) Whether the District Court erred in setting aside its earlier order to dismiss this case, and (2) Whether the Municipal Court erred in denying Jordan's motion to dismiss.

¶8     Having reviewed the record, the District Court's decision and the parties' arguments on appeal, we have determined to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions.

¶9     *Issue 1: Whether the District Court erred in setting aside its earlier order to dismiss this case.*

¶10    Jordan argues on appeal that the District Court committed reversible error in setting aside the dismissal of his conviction because the court had lost jurisdiction via its previous order reversing the conviction. Jordan further argues that the dismissal should not have been set aside because the City slept on its rights by waiting 196 days from the time it was served with Jordan's brief on appeal until it finally filed its opening brief in the District Court.

¶11    Relying on the Montana Rules of Appellate Procedure, the Office of the Attorney General (the State), acting on behalf of the City, argues that the District Court had jurisdiction to reconsider its decision on appeal until remittitur was issued. The State points out that in this case, the District Court realized before remittitur was issued that it failed to send the briefing schedule to the correct prosecutor's office, and that, under

4

these circumstances, the court's decision to allow the case to be briefed and decided on the merits was not an abuse of discretion.

¶12 Contrary to the State's arguments on appeal, the Montana Rules of Appellate Procedure do not apply to appeals to District Court. "These rules shall govern proceedings before the supreme court." M. R. App. P. 1(2). The correct procedure to follow in appeals from a municipal court to a district court can be found in the Montana Uniform Municipal Court Rules of Appeal to District Court (Title 25, chapter 30, MCA). To that end, M. U. Mun. Ct. R. App. 14(c) provides that the failure of a respondent to file an answer brief "shall be deemed an admission that the appeal is well taken and subject to summary ruling by the district court." However, "a district court judge has the discretion to dismiss—or decline to dismiss—an appeal, for failure to file a timely brief. The court *may* do so, but no rule says the court *must* do so." *State v. Frazier*, 2005 MT 99, ¶ 8, 326 Mont. 524, 111 P.3d 215 (emphasis in original) (citing M. U. Mun. Ct. R. App. 14(c); § 25-33-304, MCA ("For a failure to prosecute an appeal or unnecessary delay in bringing it to a hearing, the district court *may* order the appeal to be dismissed . . . ." (emphasis added))).

¶13 In the instant case, the District Court determined that it was at least partially at fault for the City's failure to file a brief because the court sent the order setting forth the briefing schedule to a deputy *county* attorney instead of to the deputy *city* attorney who was the prosecutor of record in both the Municipal and District Courts. The State pointed out in its brief on appeal that this confusion persisted on appeal as the "Notice of Appeal filed on June 2, 2009, was served on 'Dennis Paxinos, Yellowstone County Attorney'

5

instead of on the Billings City Attorney." Under these circumstances, we hold that the District Court did not abuse its discretion in rescinding its order to dismiss and allowing the appeal to continue with a new briefing schedule.

¶14 *Issue 2: Whether the Municipal Court erred in denying Jordan's motion to dismiss?*

¶15 Jordan argues that the Municipal Court committed reversible error by not finding that the interests of justice demanded the dismissal of his conviction because Jordan's failure to have motor vehicle insurance was due to his insurance agent's error. The State argues on the other hand that the Municipal Court's decision was correct because Jordan never produced an insurance card showing that his vehicle was covered on the date of his arrest.

¶16 Section 61-6-302(2), MCA, provides:

> *Each person shall carry in a motor vehicle being operated by the person an insurance card* approved by the department but issued by the insurance carrier to the motor vehicle owner as proof of compliance with 61-6-301. A motor vehicle operator shall exhibit the insurance card upon demand of a justice of the peace, a city or municipal judge, a peace officer, a highway patrol officer, or a field deputy or inspector of the department. A person commits an offense under this subsection if the person fails to carry the insurance card in a motor vehicle or fails to exhibit the insurance card upon demand of a person specified in this subsection. *However, a person charged with violating this subsection may not be convicted if the person produces in court or the office of the arresting officer proof of insurance valid at the time of arrest.* [Emphasis added.]

¶17 In this case, the insurance card that Jordan carried in his vehicle indicated that his motor vehicle insurance had expired on April 30, 2008, almost a month prior to his arrest. Moreover, Jordan did not produce in court "proof of insurance valid at the time of [his] arrest." As the State points out in its brief on appeal, § 61-6-302(2), MCA, places on the

operator of the motor vehicle the burden of ensuring that there is in the vehicle at all times an insurance card showing that the vehicle is insured. Jordan's argument that his insurance agent should have provided coverage is irrelevant. Under the plain language of § 61-6-302(2), MCA, Jordan committed the offense of failure to carry proof of motor vehicle insurance. Accordingly, we hold that the Municipal Court did not err in denying Jordan's motion to dismiss.

¶18    Affirmed.

/S/ JAMES C. NELSON

We concur:

/S/ MIKE McGRATH
/S/ W. WILLIAM LEAPHART
/S/ JIM RICE
/S/ BRIAN MORRIS