No. 86-588

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

_____

RICHARD GOLDSMITH, d/b/a RICHARD
GOLDSMITH'S PREMIUM ICE CREAM,

> Plaintiff and Respondent,

-vs-

MAX LANE, d/b/a G & R REFRIGERATION,

> Defendant and Appellant.

_____

APPEAL FROM:  District Court of the Fourth Judicial District,
In and for the County of Missoula,
The Honorable Douglas Harkin, Judge presiding.

COUNSEL OF RECORD:

> For Appellant:
>
>> Datsopoulos, MacDonald & Lind; Edward A. Murphy,
>> Missoula, Montana
>
> For Respondent:
>
>> Knight & Maclay; Gregory Gould, Missoula, Montana

_____

Submitted on Briefs: Feb. 26, 1987

Decided:    April 7, 1987

Filed: APR 7 - 1987

_Ethel M. Harrison_
_____
Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

Appellant Max Lane appeals the order of the District Court in the Fourth Judicial District in and for Missoula, Montana, dismissing his appeal from a judgment of the Missoula Municipal Court. We affirm.

Richard Goldsmith, d/b/a Richard Goldsmith Premium Ice Cream, filed suit in Missoula Municipal Court against Max Lane, d/b/a G & R Refrigeration, for damages suffered as a result of Lane's alleged defective installation and repair of refrigeration and ice-making equipment. After a bench trial, municipal judge, the Honorable Wallace N. Clark, entered judgment for Goldsmith in the amount of $2,837.72.

Lane filed a notice of appeal in municipal court within thirty days of notice of entry of judgment, but he did not file an undertaking. Nor did he serve notice of appeal on either Goldsmith or his attorney. Goldsmith's attorney was advised that an appeal had been filed when he contacted the court to inquire whether Lane had objected to the memorandum of costs filed by Goldsmith. The clerk was asked to and did mail a copy of the notice of appeal to Goldsmith's attorney.

Thirty-four days after Lane filed his notice of appeal, Goldsmith filed a motion to dismiss on the grounds that no undertaking had been filed and notice of appeal had not been served. A supporting brief was filed. Lane did not respond to the motion or file a brief within ten days. Goldsmith then requested summary disposition pursuant to local court rules. "Every court of record may make rules, not inconsistent with the laws of this state, for its own government and the government of its officers." Section 3-1-112, MCA. The rules apparently provide that the District Court may dispose of a motion summarily, if the opposing

2

party does not file and serve the required answering memorandum within ten days after service of a motion and supporting memorandum. Goldsmith moved to dismiss and filed and served a supporting memorandum on Lane August 6, 1986. No answering memorandum had been filed by August 19, and a request for summary disposition was filed and served on Lane August 20. The following day Lane filed a motion for leave to deposit cash in lieu of an undertaking and a memorandum in opposition to Goldsmith's motion to dismiss. He did not request a hearing on the motion to dismiss. He delivered a cashier's check to the clerk of the District Court in the amount of $2,881.55, the amount of the judgment plus $43.83.

The District Court dismissed Lane's appeal on the grounds it had no jurisdiction because Lane had not filed an undertaking within thirty days of judgment. His motion for leave to deposit cash in lieu of an undertaking was denied. Lane appeals.

Appeal from a civil action in city court may be taken within thirty days after judgment is rendered. Section 25-33-102, MCA. The appeal is taken by serving a copy of the notice of appeal on the adverse party or his attorney and by filing the original notice of appeal with the judge. It is not material whether service or filing is accomplished first. Section 25-33-103, MCA. However, an appeal is not effectuated for any purpose unless an undertaking is filed in accordance with the statutory requirements of § 25-33-201, MCA, except that a deposit of money in lieu of undertaking in the amount of the judgment plus $300 is equivalent to filing the undertaking. Section 25-33-205, MCA.

Unless the undertaking on appeal complies with the statute, the District Court has no jurisdiction to hear the appeal. "[I]f such undertaking is not filed, or is totally defective, the appeal is a mere nullity." State ex rel.

3

Gregory v. District Court (1930), 86 Mont. 396, 398, 284 P. 537, 537; Adams v. Crismore (Mont. 1984), 683 P.2d 497, 499, 41 St.Rep. 1338, 1340. However,

> [w]hen the undertaking is insufficient a new one may be filed, and the appeal, or appeals, be saved; but when the one filed is void, the court has not obtained jurisdiction and the appeal must fail.

Pirrie v. Moule (1905), 33 Mont. 1, 6, 81 P. 390, 392. While "[a] void undertaking is nothing--a mere nullity," Pirrie, supra at 3, 81 P. at 391, the term "insufficient" means merely defective and not void. Pirrie at 5, 81 P. at 392. We noted in Pirrie an undertaking which is void is not amendable while an insufficient or defective undertaking may be amended. Although the undertaking in Pirrie was void for ambiguity, because it was void, the court had no jurisdiction. A void undertaking is the functional equivalent of no undertaking. The question of the sufficiency or insufficiency of an undertaking cannot arise until the undertaking has been filed.

Lane failed to meet the statutory deadline essential to perfect the appeal. Therefore, the order of the District Court is affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

4

_William E. Hunter_

_L. C. Gulbrandson_

_John C. Sheehy_
Justices