No. 90-060

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

NANCY L. BERRY, Conservator of
the Estate of Esther Seman,
a Protected Person,

    Plaintiff and Respondent,

    v.

CAROLL SEMAN,

    Defendant and Appellant.

FILED

NOV 27 1990

Ed Smith

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Eighth Judicial District,
In and for the County of Cascade,
The Honorable Thomas M. McKittrick, Judge presiding.


COUNSEL OF RECORD:

       For Appellant:

       Caroll Seman, pro se, Great Falls, Montana

       For Respondent:

       Kevin C. Meek,  Alexander, Baucus & Linnell,
P.C., Great Falls, Montana


Submitted on briefs:  August 16, 1990

Decided:  November 27, 1990

Filed:

Clerk

Justice William E. Hunt, Sr., delivered the Opinion of the Court.

Appellant, Caroll Seman, appeals from the dismissal of his appeal from the Justice Court, Great Falls Township, Cascade County, to the Eighth Judicial District Court, Cascade County. We affirm.

The dispositive issue is whether Seman properly perfected an appeal from the Justice Court to the District Court.

On September 14, 1989, respondent, Nancy L. Berry, conservator of the estate of Esther Seman, filed a complaint against appellant, Caroll Seman, in the Cascade County Justice Court. The complaint sought damages for money owing on a rental agreement and the removal of Seman from the subject premises. The Justice Court entered judgment against Seman on November 2, 1989, awarding Berry damages in the amount of $1,400 together with attorney's fees of $200 and costs of $31.50. The court also granted Berry immediate possession of the property.

On the same day, Seman filed a notice of appeal to the District Court. Approximately 25 days later, on November 27, 1989, he filed a document entitled Posting of Property Bond. The property bond consisted of a Montana State Beer and Wine License.

On November 30, 1989, Berry filed an objection to the property bond along with an affidavit of her attorney, which contested the ownership of the beer and wine license. After a hearing on the matter on December 12, 1989, the District Court ruled that the property bond was not an acceptable undertaking.

On December 20, 1989, Seman filed another document entitled

Posting of Property Bond. In this property bond, Seman pledged a 1959 mobile home and a 1982 Pontiac Bonneville as an undertaking. The property bond was signed by Andrew Seman and Sis Seman, the purported owners of the property.

Berry filed an objection to the second property bond on December 28, 1989, and, on January 3, 1990, a motion to dismiss for failure to file a proper undertaking on appeal. A hearing was held on the two motions, at the close of which the District Court granted the motion to dismiss. Seman appeals from this ruling.

A district court obtains jurisdiction over an appeal from justice court once notice of appeal has been filed and served on the parties, the justice court record has been transmitted to the district court and an undertaking that substantially complies with statutory requirements has been filed. State ex rel. Hackshaw v. District Court, 48 Mont. 477, 479-80, 138 P. 1100, 1100-01 (1914). If an appellant fails to perfect the appeal by neglecting to file an undertaking or filing an undertaking that is totally defective, the district court does not obtain jurisdiction over the action and "the appeal is a mere nullity." State ex. rel Gregory v. District Court, 86 Mont. 396, 398, 284 P. 537, 537 (1930).

The statute delineating the requirements of an undertaking on appeal from justice court to district court provides in pertinent part:

> (1) An appeal from a justice's or city court is not effectual for any purpose unless an undertaking be filed, with two or more sureties, in a sum equal to twice the amount of the judgment, including costs, when the judgment is for the payment of money. The undertaking must be conditioned, when the action is for the recovery

3

of money, that the appellant will pay the amount of the judgment appealed from and all costs if the appeal be withdrawn or dismissed or the amount of any judgment and all costs that may be recovered against him in the action in the district court.

. . .

(3) When the judgment appealed from directs the delivery of possession of real property, the execution of the same cannot be stayed unless a written undertaking be executed on the part of the appellant, with two or more sureties, to the effect that:

(a)   during the possession of such property by the appellant, he will not commit or suffer to be committed any waste thereon; and

(b) if the appeal be dismissed or withdrawn or the judgment affirmed or judgment be recovered against him in the action in the district court, he will pay the value of the use and occupation of the property from the time of the appeal until the delivery of possession thereof or he will pay any judgment and costs that may be recovered against him in said action in the district court, not exceeding a sum to be fixed by the justice or judge of the court from which the appeal is to be taken, which sum must be specified in the undertaking.

Section 25-33-201, MCA.

If an adverse party objects to the sufficiency of the sureties, the appellant must justify the amount of the property pledged. Section 25-33-203, MCA. The property's total value must equal twice the amount of the judgment, including costs. Section 25-33-201(1), MCA. However, when calculating the total worth of the property, the value of the property must be reduced by any statutory exemption that may apply. Section 33-26-102, MCA.

In the present case, the undertaking was defective on its face. Both pieces of property pledged were subject to statutory exemptions. The mobile home, which qualified for a homestead exemption under § 70-32-101, MCA, was allegedly valued at an

4

unencumbered worth of $3,400. It was therefore totally exempt property because a homeowner may claim up to $40,000 of a homestead as exempt from execution. Section 70-32-104, MCA.

The motor vehicle, valued by the Semans at $3,500, was subject to an exemption of $1,200. Section 25-13-609(2), MCA. When the $1,200 exemption was deducted from $3,500, the value of the car equaled $2,300, which was less than the sum of twice the amount of judgment, including costs. Because the total amount of the property pledged in the bond was less than that required by the statute, the undertaking was deficient.

The undertaking was further flawed by Seman's failure to follow the dictates of § 25-33-201(1), MCA, which requires the appellant to promise that he will pay either 1) the amount of the justice court judgment plus costs if the appeal is withdrawn or dismissed; or 2) the amount of the district court judgment plus costs if he does not prevail in that forum. The undertaking was also defective because Seman neglected to follow the mandates of § 25-33-201(3), MCA, which requires the appellant to file a written statement promising that he will not commit waste upon the property and that he will pay for the value of the use of the property in the event that the judgment of the justice court is affirmed or the appeal is dismissed.

Because Seman failed to comply with the statutory requirements for filing an undertaking, the appeal was not perfected and the District Court did not obtain jurisdiction over the action. Accordingly, the District Court did not err in dismissing the

appeal.

Seman raises several additional issues questioning the rulings and actions of the Justice Court. We need not consider these issues, however, because this Court will not conduct an appellate review of actions taken by the justice court when a party has failed to perfect an appeal in the district court. See State ex rel. Estes v. Justice Court, 129 Mont. 136, 138, 284 P.2d 249, 250 (1955).

Affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

6