No. 96-287

IN THE SUPREME COURT OF THE STATE OF MONTANA

1996

DIME INSURANCE AGENCY, THOMAS D. BERRY,

      Plaintiffs and Respondents,

  v.

SCOTT JOHNSON/ISC DISTRIBUTORS,

      Defendants and Appellants.

FILED

NOV 07 1995

Cd Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Eighteenth Judicial District,
In and for the County of Gallatin,
The Honorable Thomas A. Olson, Judge presiding.

COUNSEL OF RECORD:

      For Appellants:

          Thane P. Johnson, Werner, Epstein & Johnson,
          Cut Bank, Montana

      For Respondents:

          Joseph T. Swindlehurst, Huppert & Swindlehurst,
          Livingston, Montana

Submitted on Briefs:  August 22, 1996

Decided:  November 7, 1996

Filed:

Clerk

Justice Terry N. Trieweiler delivered the opinion of the Court.

On January 23, 1996, the Gallatin County Justice Court entered judgment in the amount of $2809 in favor of the plaintiff, Dime Insurance Agency, against the defendant, ISC Distributors. ISC filed a notice of appeal to the District Court. However, Dime Insurance moved to dismiss the appeal because the undertaking on appeal was not filed within thirty days of the date on which judgment was rendered in Justice Court. The District Court granted Dime Insurance's motion. ISC appeals the order of the District Court which dismissed its appeal. We reverse the order of the District Court and remand to that court for consideration of the merits of ISC's appeal.

The issue on appeal is whether the District Court erred when it dismissed ISC's appeal for failure to file an undertaking within thirty days of the date on which judgment was rendered in Justice Court.

FACTUAL BACKGROUND

In 1995, Dime Insurance Agency brought suit against ISC Distributors in Justice Court in Gallatin County to recover insurance premiums due for a business insurance policy. Following a hearing on January 19, 1996, the Justice Court entered a judgment in favor of Dime Insurance Company in the amount of $2809.

On February 1, 1996, ISC filed a notice of appeal in Justice Court. Within one week, the Justice Court transmitted its record to the District Court for the Eighteenth Judicial District in

2

Gallatin County. On March 7, 1996, ISC deposited an undertaking on appeal in the amount of $2809 with the Clerk of the District Court.

On March 14, 1996, Dime Insurance moved to dismiss ISC's appeal. Dime Insurance maintained that ISC's appeal was not properly perfected because, pursuant to § 25-33-201, MCA, ISC had not filed an undertaking on appeal within thirty days from the date on which judgment was rendered in Justice Court. On March 29, 1996, the District Court granted Dime Insurance's motion and dismissed ISC's appeal.

## DISCUSSION

Did the District Court err when it dismissed ISC's appeal for failure to file an undertaking within thirty days of the date on which judgment was rendered in Justice Court?

We review a district court's grant or denial of a motion to dismiss to determine whether the court was correct. *Boreen v. Christensen* (1994), 267 Mont. 405, 408, 884 P.2d 761, 762.

A party may appeal from a civil action in justice court at any time within thirty days after the judgment is rendered. Section 25-33-102, MCA. The procedure for appealing a justice court judgment is set forth in § 25-33-103, MCA, which provides:

> The appeal is taken by serving a copy of the notice of appeal on the adverse party or his attorney and by filing the original notice of appeal with the justice or judge. The order of serving and filing is immaterial.

In addition, when the aggrieved party appeals a money judgment from the justice court, that party must file an undertaking, with two or more sureties, in a sum equal to twice the amount of the judgment,

3

or a deposit of money in the sum of the judgment plus $300. Sections 25-33-201(1) and -205, MCA. The undertaking ensures that the appellant will pay the amount of the judgment appealed from together with all costs if the appeal is withdrawn or dismissed, or the amount of any judgment and all costs that may be recovered against him in the district court. Section 25-33-201(1), MCA. *See also State ex rel. Gregory v. District Court* (1930), 86 Mont. 396, 399, 284 P. 537, 538. Section 25-33-207, MCA, provides that an appeal shall not be dismissed

> for insufficiency of the undertaking thereon or for any defect or irregularity therein if a good and sufficient undertaking be filed in the district court at or before the hearing of the motion to dismiss the appeal, which undertaking must be approved by the district judge.

In its order dismissing ISC's appeal, the District Court interpreted these statutes to require an appellant to file an undertaking within thirty days of the judgment rendered in justice court. In this case, the court held that since judgment was rendered in Justice Court on January 23, 1996, and the Clerk of Court deposited ISC's check for the undertaking on March 7, 1996, "[u]nder no possible time calculations was the undertaking filed within 30 days of the justice court judgment." The court therefore held that it did not have jurisdiction to hear the appeal and granted Dime Insurance's motion to dismiss.

The District Court's conclusion was based on *Goldsmith v. Lane* (1987), 226 Mont. 341, 735 P.2d 306. In *Goldsmith*, this Court held that a party's failure to file an undertaking on appeal from a

4

justice court within thirty days of the justice court's judgment prevented the appeal from being perfected and deprived the district court of jurisdiction to entertain the appeal. *Goldsmith*, 226 Mont. at 343-44, 735 P.2d at 308. Specifically, this Court held that "an appeal is not effectuated for any purpose unless an undertaking is filed in accordance with the statutory requirements of Section 25-33-201, MCA." *Goldsmith*, 226 Mont. at 343, 735 P.2d at 308.

Section 25-33-201, MCA, does not, however, require that an undertaking be filed within thirty days of the justice court's judgment in order to perfect the appeal. That section provides only that:

> (1) Except as provided in subsection (4), <u>an appeal from a justice's or city court is not effectual for any purpose unless an undertaking be filed, with two or more sureties, in a sum equal to twice the amount of the judgment, including costs, when the judgment is for the payment of money.</u> The undertaking must be conditioned, when the action is for the recovery of money, that the appellant will pay the amount of the judgment appealed from and all costs if the appeal be withdrawn or dismissed or the amount of any judgment and all costs that may be recovered against him in the action in the district court.
>
>     . . . .
> (4) When the appealing party is determined by the court to be indigent, the district court shall waive the undertaking requirements of this section.

(Emphasis added.) Section 25-33-103, MCA, which sets forth the requirements for taking an appeal, requires only that an aggrieved party serve a copy of the notice of appeal on the adverse party or his attorney and file the original notice of appeal with the justice court within a period of thirty days. There is no requirement, pursuant to either § 25-33-103 or § 25-33-201, MCA,

5

that the undertaking be filed within that thirty-day period in order to preserve the parties' right to appeal.

This Court has, in fact, held that notice of an appeal and the filing of an undertaking occur in two different stages and that the filing of an undertaking need not occur within the statutory period prescribed for taking an appeal. In *Thien v. Wiltse* (1914), 49 Mont. 189, 192-93, 141 P. 146, 147, we reviewed nearly identical statutory provisions, and stated:

> The Code provisions touching appeals from justices' courts are to the effect, that an appeal lies from a judgment, and from a judgment only; it is taken by filing a notice of appeal with the justice and serving a copy thereof on the adverse party or his attorney; it is not effectual for any purpose, unless an undertaking is filed; and it must be tried anew in the district court. It is not without significance that, under these provisions, an appeal from justices' courts presents three defined stages: (1) The taking which occurs when notice of the proper character is properly filed and served . . . . (2) The perfecting or rendering effectual which occurs upon the filing of the undertaking. That this is no part of the taking but presupposes the taking, and is a distinct step beyond it, is clear from the fact that the appeal may be preserved, notwithstanding the undertaking is defective or irregular, if a good one be substituted at or before the hearing of the motion to dismiss . . . . The distinction between the taking and the perfecting of an appeal under statutes similar to our own is clearly recognized by the supreme court of California: "It is contended, however, that the appeal in this case was not taken within sixty days after the rendition of the judgment, because no undertaking on appeal was filed within that period of time. An appeal is taken when a notice of appeal is served and filed. The filing of an undertaking perfects an appeal, but it is not part of the taking in the statutory sense." (*Perkins v. Cooper*, 3 Cal. Unrep. 279, 24 Pac. 377.) (3) The hearing which occurs when the trial *de novo* is had in the district court.

(Emphasis added, citations omitted.)

6

In *Goldsmith v. Lane*, this Court neither addressed nor overruled the language in *Thien*. Instead, the Court relied on an earlier Montana case, *Pirrie v. Moule* (1905), 33 Mont. 1, 81 P. 390, to reach its conclusion that an undertaking not filed within the statutory period for the taking of an appeal is void and divests a district court of jurisdiction. Specifically, the Court cited *Pirrie* for the proposition that

> [w]hen the undertaking is insufficient a new one may be filed, and the appeal, or appeals, be saved; but when the one filed is void, the court has not obtained jurisdiction and the appeal must fail.

*Goldsmith*, 226 Mont. at 343, 735 P.2d at 308 (quoting *Pirrie*, 33 Mont. at 6, 81 P. at 392). In *Pirrie*, however, the Court was asked to determine whether an ambiguous undertaking was void, not whether an untimely undertaking was void. Furthermore, had the Court been asked to determine the latter question, it would have been bound by § 1724 of the Montana Code of Civil Procedure (1895), which provided:

> An appeal is taken by filing with the clerk of the court in which the judgment or order appealed from is entered, a notice stating the appeal from the same, or some specific part thereof, and serving a similar notice on the adverse party or his attorney. <u>The order of service is immaterial, but the appeal is ineffectual for any purpose unless within five days after service of the notice of appeal, an undertaking be filed, or a deposit of money be made with the clerk as herein provided, or the undertaking be waived by the adverse party in writing.</u>

(Emphasis added.) Although the language of § 1724 did provide that an undertaking not filed within five days after service of the

7

notice was void, that language is not duplicated in either § 25-33-103 or § 25-33-201, MCA, on which this Court relied in *Goldsmith*. Therefore, this Court's reliance in *Goldsmith* on *Pirrie* was misplaced. Because *Pirrie* is inapplicable, and because neither § 25-33-103 nor § 25-33-201, MCA, mandates that an undertaking be filed within thirty days of the justice court's judgment, we hold that there is no such requirement, and on that basis, we reverse our earlier opinion in *Goldsmith v. Lane* (1987), 226 Mont. 341, 735 P.2d 306.

Although §§ 25-33-103 and -201, MCA, do not set a period within which an undertaking must be filed, § 25-33-207, MCA, provides that an insufficient, defective, or irregular undertaking may be cured if a good and sufficient undertaking is filed in the district court "at or before the hearing of the motion to dismiss the appeal." On the basis of § 25-33-207, MCA, we hold that, in order to perfect an appeal from justice court, a valid undertaking need only be filed at or before the hearing on the motion to dismiss. Therefore, as long as an aggrieved party takes an appeal within thirty days of the justice court's judgment, pursuant to §§ 25-33-102 and -103, MCA, and files an undertaking at or prior to a hearing on a motion to dismiss for failure to file an undertaking, pursuant to §§ 25-33-201 and -207, MCA, that appeal is valid and the district court has jurisdiction to entertain the appeal.

8

In this case, the Justice Court rendered its judgment on January 23, 1996. ISC filed a notice of appeal on February 1, 1996, within thirty days of the judgment of the Justice Court. In addition, ISC deposited an undertaking on March 7, 1996, prior to Dime Insurance Agency's motion to dismiss and prior to a hearing on that motion. Because ISC instituted its appeal with thirty days, pursuant to §§ 25-33-102 and -103, MCA, and filed its undertaking prior to the District Court's hearing on Dime Insurance's motion to dismiss, we hold that ISC's appeal was perfected and the District Court had jurisdiction to hear the appeal. We therefore hold that the District Court erred when it dismissed ISC's appeal on the ground that ISC had failed to file its undertaking within thirty days of the Justice Court's judgment. We remand this case to the District Court for consideration of the merits of ISC's appeal.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

November 7, 1996

## CERTIFICATE OF SERVICE

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:

Thane P. Johnson
Werner, Epstein & Johnson
P.O. Box 428
Cut Bank, MT 59427

Joseph T. Swindlehurst
Huppert & Swindlehurst, P.C.
P.O. Box 523
Livingston, MT 59047

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: *S. Gallagher*
Deputy