FILED

05/26/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 19-0600

DA 19-0600

IN THE SUPREME COURT OF THE STATE OF MONTANA

2020 MT 138N

DEBORAH LOUISE HERRINGTON,

      Petitioner and Appellee,

  v.

MICHAEL STEVEN ROGERS,

      Respondent and Appellant.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DR 19-331
Honorable Donald L. Harris, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Michael Steven Rogers, Self-Represented, Worden, Montana

      For Appellee:

          Deborah Louise Herrington, Self-Represented, Billings, Montana

Submitted on Briefs:  March 18, 2020

Decided:  May 26, 2020

Filed:

                    _____
                          Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Michael Rogers appeals the Thirteenth Judicial District Court's order affirming the Yellowstone County Justice Court's Order of Protection against him in favor of Deborah Herrington, a cashier at the Walmart in Billings Heights. The order of protection expired April 1, 2020.

¶3 Rogers is a regular Walmart customer and frequently went through Herrington's check stand at the store. On December 4, 2018, Rogers went through Herrington's aisle to make a purchase; when he turned to leave, Herrington said something to him that he did not hear. Rogers left the store concerned that Herrington was upset at him, then sent letters to her and to her supervisor, wondering why Herrington wouldn't tell him what she said and expressing regret if he had upset her. Approximately a month later, Rogers approached Herrington as she clocked in for work and asked her to have coffee with him. She refused, said she felt Rogers invaded her personal space, and asked Rogers not to follow her. Rogers then sent both Herrington and Walmart Customer Service Manager separate letters—both of which he delivered to her supervisor—again trying to explain his attempt to apologize for upsetting her. Rogers also found Herrington's profile on Facebook and tried to add her

to his friends list, but Herrington blocked him. On February 13, 2019, Rogers looked up Herrington's home address and sent a rose to her house. The card accompanying the florist's delivery said, "Sorry About Not Hearing What You Said. I Have Forgiven You, Too Bad You Have Not Forgiven Me. Mike R." Rogers wrote another letter to the store manager, explaining his fruitless attempts to clear up his perceived misunderstandings with Herrington, expressing concern about Herrington's "anger and animosity" toward him, and requesting help from the manager to resolve the situation.

¶4      Herrington filed her petition for temporary order of protection on March 12, 2019. She explained that it scared her that Rogers knew her address. She said she didn't feel comfortable at home, "thinking he may come to my home when I'm alone." The Justice Court held a hearing at which both Herrington and Rogers testified. The court admitted a number of exhibits, including Rogers's letters and the florist's note. It issued the order of protection on April 2, 2019, making it effective for one year.

¶5      On appeal from a justice court of record, the district court functions as an intermediate appellate court. *Alto Jake Holdings, LLC v. Donham*, 2017 MT 297, ¶ 14, 389 Mont. 435, 406 P.3d 937. "On appeal to this Court, we review the justice court record independently of the district court as if appealed directly to this Court." *Alto Jake Holdings*, ¶ 14 (citing *Stanley v. Lemire*, 2006 MT 304, ¶¶ 25-26, 334 Mont. 489, 148 P.3d 643). We review the justice court's findings of fact for clear error, its conclusions of law de novo, and its discretionary rulings for an abuse of discretion. *Alto Jake Holdings*, ¶ 14. "We will not overturn a trial court's decision to continue, amend, or make permanent

3

an order of protection absent an abuse of discretion." *Bardsley v. Pluger*, 2015 MT 301, ¶ 9, 381 Mont. 284, 358 P.3d 907.

¶6      A person may file a petition for an order of protection if the individual is a victim of stalking, regardless of the individual's relationship to the offender. Section 40-15-102(2)(a), MCA. "A person commits the offense of stalking if the person purposely or knowingly engages in a course of conduct directed at a specific person and knows or should know that the course of conduct would cause a reasonable person to: (a) fear for the person's own safety or the safety of a third person; or (b) suffer other substantial emotional distress." Section 45-5-220(1), MCA.

¶7      In reviewing a court's factual determinations, this Court does not reweigh conflicting evidence or substitute its judgment for that of the trial court. *Northcutt v. McLaughlin (In re G.M.N.)*, 2019 MT 18, ¶ 11, 394 Mont. 112, 433 P.3d 715 (citations omitted). Having reviewed the complete record, we conclude that the Justice Court had sufficient credible evidence to find that Rogers had engaged in a "course of conduct" to follow, monitor, observe, surveil, threaten, harass, or intimidate Herrington to the extent that a reasonable person in her situation would "fear for [her] safety." Section 45-5-220(2)(a), MCA. Rogers persisted in his unwelcome contact with Herrington even after she made it clear that she was not receptive; she was legitimately concerned about his contact at her home address; and Rogers had told Herrington that he had a concealed weapon permit. In one letter to the Walmart Customer Service Manager, he reiterated that he had a concealed weapon permit and stated, "I carry my 9mm 24/7

4

everywhere and I don't want to lose that privilege because of Debbie. I want you to know that I am scripturally [and morally] bond [sic] to use my weapon to protect everyone around me when and if they are under attack, even though I may hate the ground they walk on. That includes Debbie[.]" (Emphasis omitted.) He continued, saying that Herrington had "emotionally destroyed [him] for no valid reason;" that he "need[ed] to know why;" and that her actions had started "malicious gossips" about him. Although Rogers may not have intended his letter to sound threatening, the Justice Court did not commit clear error when it found that Herrington was reasonably in fear for her safety.

¶8 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by the applicable standards of review. The Justice Court did not abuse its discretion in issuing an order of protection, and it is affirmed. As the order of protection has expired, no further action in the case is warranted.


/S/ BETH BAKER


We Concur:

/S/ MIKE McGRATH
/S/ JAMES JEREMIAH SHEA
/S/ INGRID GUSTAFSON
/S/ JIM RICE


5